# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

IN RE:

JIMMY MARCELL MORRIS,                              Case Number 3:10-BK-04143
          Debtor.                                                 Chapter 11

JIMMY MARCELL MORRIS,
          Plaintiff,

v.                                                                   Adv. Pro. No. 3:10-ap-00242

GEORGE C. PAINE, II, KEITH M. LUNDIN,
MARIAN F. HARRISON, MATTHEW T.
LOUGHNEY, SEVERAL COURT EMPLOYEES
AND OTHER UNKNOWN ACTORS,
HENRY E. HILDEBRAND, III, BETH R.
DERRICK, TRACY L. SCHWEITZER, AND
RICHARD F. CLIPPARD,

          Defendants.

### MEMORANDUM OPINION RE: MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FILED BY HENRY E. HILDEBRAND, III, AND TRACY L. SCHWEITZER

        The Court conducted a hearing on the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed by Henry E. Hildebrand, III, and Tracy L. Schweitzer on September 21, 2010, pursuant to Federal Rule of Bankruptcy Procedure 9014. The Court has reviewed the testimony from the hearing and the record as a whole. This memorandum opinion shall serve as the Court's findings of facts and conclusions of law. FED. R. BANKR. P. 7052.

**Findings of Fact**

The debtor in this case, Jimmy Marcell Morris ("Morris"), filed his chapter 11 petition for bankruptcy relief on April 19, 2010. On May 12, 2010, Morris filed an adversary complaint against the above-named defendants in which he asked:

> For substitution and recusal of judges for they are not judges, they are criminals dressed in black, including the officers of the clerks', reigning terror upon the people of this state and are hereby forever disqualified from this and any other case that has to deal with Jimmy Marcell Morris for their failure to be impartial, unbias and do fair & honest service and case fixing; abandonment of oath & duty in the bankruptcy court.

Defendants, George G. Paine, II, ("Paine"), Keith M. Lundin, ("Lundin"), and Marian F. Harrison, ("Harrison") serve as United States Bankruptcy Judges for the Middle District of Tennessee. Defendant Matthew T. Loughney is the Clerk of Court for the United States Bankruptcy Court for the Middle District of Tennessee. Henry E. Hildebrand, III, is the Chapter 13 Trustee in Nashville, Tennessee. Tracy L. Schweitzer is a staff counsel at the Chapter 13 Trustee's office. Richard Clippard is the United States Trustee for Region 8 and Beth R. Derrick is an assistant United States Trustee for Region 8.

Morris's complaint arises out of proceedings that took place in his prior chapter 13 case, case number 09-13060, concerning his real property at 210 Sam Davis Drive, Smyrna, Tennessee, ("Smyrna Property"). That case was filed on November 12, 2009, and was dismissed on April 2, 2010, for failure to pay within 30 days, failure to submit a certificate of credit counseling pursuant to 11 U.S.C. § 109(h), failure to submit a plan that was feasible, and failure to comply with 11 U.S.C. § 1325(a)(4). Prior to the dismissal, the Bank of New York Mellon Trust Company N.A. f/k/a the Bank of New York Trust Company N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Truman Capital Mortgage Loan Trust 2005-1, ("Bank"), filed a motion to confirm that no automatic stay was in effect at the time Morris filed the case. According to the motion, the Bank had purchased the Smyrna Property at a foreclosure sale held on November 12, 2009.

The Bank filed its motion pursuant to 11 U.S.C. § 362(c)(4)(A) which provides that if a debtor has had two or more pending cases within the previous year dismissed, the automatic stay "shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). Section 362(c)(4)(A)(ii)

provides that "on request of a party in interest, the court shall promptly enter an order confirming no stay is in effect."  11 U.S.C. § 362(c)(4)(A)(ii).  Two of Morris's prior cases had been dismissed within one year prior to the filing of case number 09-13060.  Morris filed case 04-8625 on July 14, 2004.  That case was dismissed on February 27, 2009, for failure to pay.  Morris filed a second chapter 13 case on May 13, 2009, case number 09-5445.  That case was dismissed on August 7, 2009, for failure to appear at the confirmation hearing.

Case number 09-13060 was dismissed on December 23, 2009, for failure to appear at the § 341 meeting of creditors; however, pursuant to L.B.R. 9013-1, that dismissal was set aside on February 12, 2010.  The Bank filed a second motion to confirm no automatic stay was in effect on February 4, 2010.  The court entered an order on March 25, 2010, granting the Bank's motion which "ORDERED that the automatic stay under § 362(a) did not go into effect upon or since the filing of this case and is not in effect as to" the Bank, the Debtor and the Smryna property.

Two days prior to the filing of case number 09-13060, Morris filed a complaint in the United States District Court for the Middle District of Tennessee against Equifirst Corporation, GMAC Mortgage, Mortgage Electronic Registration System, Inc., McCurdy & Candler, LLC, Anthony Demario and Patrick Taggert, case number 09-cv-01086.  Morris's complaint alleged that the defendants had violated the Fair Debt Collection Practices Act with regard to the debt on the Smyrna property.  The District Court dismissed Equifirst Corporation and Mortgage Electronic Registration System, Inc., as defendants on March 9, 2010.  In that order, the district court also stated that:

> If the plaintiff remains in a Chapter 13 bankruptcy, the proper plaintiff is the Chapter 13 Trustee, not the plaintiff, and any recovery will be designated as an asset of his Chapter 13 Plan. It is hereby ORDERED that, by March 18, 2010, the plaintiff shall file a copy of written notice provided by him to the Chapter 13 Trustee of his pursuit of this case, so that the Chapter 13 Trustee make take whatever action he feels appropriate. The plaintiff is FOREWARNED that his failure to timely file this written notification with the court may constitute grounds for dismissal of this case for failure to comply with court orders and the Bankruptcy Code.

On March 18, 2010, Morris filed copies of "United States Postal Service Express Mail" receipts with the United States District Court which show that he sent express mail packages to the United States Bankruptcy Court and the United States District Court.  Morris alleged that these receipts show he complied with the District Court's March 9, 2010, order requiring him to give written notice to the

Chapter 13 Trustee of his intent to pursue the complaint. As stated supra, the Bankruptcy Court entered an order on March 25, 2010, confirming no automatic stay was in effect at the time Morris's bankruptcy case (case number 09-13060) was filed as to the Smyrna Property.

In the complaint presently before this Court, Morris alleges that all of the defendants acted together against him in proceeding over and dismissing his cases, confirming no stay was in effect as to the Smyrna Property, and failing to pursue the alleged violations of the Fair Debt Collection Practices Act. Morris alleges that he is entitled to his requested relief under 10 U.S.C. § 333, 11 U.S.C. § 523(a)(6), Federal Rule of Bankruptcy Procedure 7001(6), 18 U.S.C. §§ 1346 and 1918, 42 U.S.C § 2000d, the Eleventh Amendment to the U.S. Constitution, and fraud. In his prayer for relief, Morris states that "[t]he defendants are incapable of rendering honest services so they must be disqualified and barred from ever sitting at the seat of a hearing concerning this debtor." Morris also "demands that an order be entered removing, recusing and disqualifying these defendants from any further cases regarding the debtor now or in the future" and wants

> all proceedings in his current case stayed until the appellant court overturns the unlawful & prejudicial order of the previous chapter 13 case and another "impartial and un-bias jurist can be found to preside over these matters and assigned to the case so fair and honest services can be rendered."

Morris also seeks to have "[a]ll orders rendered by unlawful actors to be overturned in the chapter 13 case . . . [as] being void nunc pro tunc."

Morris's chapter 11 case and the adversary proceeding were originally assigned to Judge Marian F. Harrison. In light of being named as a defendants in Morris's adversary proceeding, Judges Harrison, Lundin and Paine recused themselves from Morris's bankruptcy case and adversary proceeding on May 19, 2010. On June 23, 2010, the United States Court of Appeals for the Sixth Circuit issued a "Designation/Transfer of a Bankruptcy Judge for Service in Another District Within the Circuit" assigning this Judge, the Honorable G. Harvey Boswell, to hold court in the Middle District of Tennessee for the purpose of presiding over Morris's bankruptcy case and adversary proceeding.

4

## Conclusions of Law

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a pleading, or portion thereof, for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2), made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7008, requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief;" Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)

> does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556, 127 S.Ct. 1955, 1964-65 (2007)). In ruling on a Rule 12(b)(6) motion, a court must "accept all the . . . factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The factual allegations must, at a minimum, establish that the claim for relief is "plausible" and not just "probable" or "possible." *Ashcroft*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Despite having to accept all the factual allegation as true when ruling on a Rule 12(b)(6) motion, a court does not have to accept as true all of the allegations regarding legal conclusions in the complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949. Although a court must grant pro se litigants "leeway in prosecuting [a] case, [pro se] status does not exempt [a litigant] from the requirements that he properly plead his case, make out actionable cause, and show that if he proved all his claims, he would prevail at trial." *Moore v. Holbrook*, 2 F.3d 697, 702 (6th Cir. 1993), (Batchelder, J., dissenting) (citing *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173 (1980).

5

If a party lacks standing to bring an action, a court may dismiss the action for failure to state a claim pursuant to Rule 12(b)(6). *B & V Distributing Co., Inc., v. Dottore Cos., Inc.*, 278 Fed.Appx. 480, 488 (6th Cir. 2008). Additionally, if there is no private cause of action, a complaint or the parties against whom such right is asserted must be dismissed for failing to state a claim. *Nayyar v. Mt. Carmel Health System*, 2010 WL 2667370, *3 (S.D. Ohio 2010).

**A.     11 U.S.C. § 523(a)(6) and Federal Rule of Bankruptcy Procedure 7006(a)**

One count of Morris's complaint asserts he is entitled to a judgment against the defendants under § 523(a)(6) and Rule 7006(a). Section 523(a)(6) of the Bankruptcy Code provides that

> (a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title *does not discharge an individual debtor* from any debt–
>
> . . . .
>> (6) for willful and malicious injury *by the debtor* to another entity or
>> to the property of another entity;

11 U.S.C. § 523(a)(6) (emphasis added). Rule 7001(6) provides that adversary proceedings are governed by the Rules in Part VII of the Federal Rules of Bankruptcy Procedure and, more specifically, that "a proceeding to determine the dischargeability of a debt" is an adversary proceeding in the bankruptcy arena. Fed. R. Bankr. P. 7001(6). Section 523(c) of the Code provides that only creditors have standing to bring a § 523(a)(6) complaint against the debtor. 11 U.S.C. § 523(c)(1). Debtors do not have standing to bring § 523(a)(6) actions.

As the debtor in this case, Morris clearly does not have standing to file a nondischargeability action against any of the defendants in this proceeding under 11 U.S.C. § 523(a)(6). The portion of Morris's complaint which alleges a claim under 11 U.S.C. § 523(a)(6) will be dismissed against not only Hildebrand and Schweitzer, but all defendants in this proceeding.

**B.     18 U.S.C. § 1346**

Section 1346 of Title 18 defines "scheme or artifice to defraud" to include "a scheme or artifice to deprive another of the intangible right of honest service." 18 U.S.C. § 1346. Title 18 of

6

the United States Code is entitled "Crimes and Criminal Procedure." "[Section] 1346 merely defines a criminal violation and does not provide a private right of action." *Marfut v. City fo North Port, Fla.*, 2009 WL 790111, *9 (M.D. Fla. 2009); *Holtz v. Harpagon Co., LLC*, 2010 WL 2595075, * 5 (N.D.Ga. 2010); *Drance v. Simpson*, 1997 WL 442071, *6 (S.D.N.Y. 1997). A private citizen cannot initiate a federal criminal prosecution." *March v. Miland*, 2010 WL 1254687, *5 (S.D.W.Va. 2010). "Authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Young v. Herald*, 2005 WL 1048117, *8 (E.D. Ky. 2005). Because Morris does not have a private right of action to bring a suit alleging a violation of 18 U.S.C. § 1346, the Court will dismiss that claim against all defendants in this proceeding.

**C.     18 U.S.C. § 1918**

Section 1918 of Title 18 provides that

> Whoever violates the provision of section 7311 of title 5 that an individual may not accept or hold a position in the Government of the United States or the government of the District of Columbia if he–
>> (1) advocates the overthrow of our constitutional form of government;
>> (2) is a member of an organization that he knows advocates the overthrow of our constitutional form of government;
>> (3) participates in a strike, or asserts the right to strike, against the Government of the United States or the government of the District of Columbia; or
>> (4) is a member of an organization of employees of the Government of the United States or of individuals employed by the government of the District of Columbia that he knows asserts the right to strike against the Government of the United States or the government of the District of Columbia;
>
> shall be fined under this title or imprisoned not more than one year and a day, or both.

18 U.S.C. § 1918. As with § 1346, § 1918 is a criminal statute. It establishes criminal penalties for a violation of 5 U.S.C. § 7311 and provides that the conduct prohibited therein constitutes a felony. *Norwood v. F.A.A.*, 993 F.2d 570, 572 (6th Cir. 1993). A private citizen "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153

7

Fed.Appx. 261, 262 (5th Cir. 2005). As a result, Morris's claims under 18 U.S.C. § 1918 must be dismissed against all defendants for failure to state a cognizable claim.

D.     10 U.S.C. § 333

Section 333 of Title 10 of the United States Code is entitled "Interference with State and Federal Law" and provides that

> [t]he President, by using the militia or the armed forces, or both, or by any other means, shall take such measures as he considers necessary to suppress, in a State, any insurrection, domestic violence, unlawful combination, or conspiracy, if it–
>
>> (1) so hinders the execution of the laws of that State, and of the United States within the State, that any part or class of its people is deprived of a right, privilege, immunity, or protection named in the Constitution and secured by law, and the constituted authorities of that State are unable, fail, or refuse to protect that right, privilege, or immunity, or to give that protection; or
>>
>> (2) opposes or obstructs the execution of the laws of the United States or impedes the course of justice under those laws.
>
> In any situation covered by clause (1), the State shall be considered to have denied the equal protection of the laws secured by the Constitution.

10 U.S.C. § 333. Section 333 appears in Chapter 15 of Title 10 which is generally known as the "Insurrection Act." This Act provides an exception to the "general rule that federal military forces cannot be used to enforce domestic law." Matthew Salo, *President or Governor: Who Will Determine Whether the National Guard Helps Secure the Border?*, 47 Houston L.R. 437, 455. It gives the United States President the power to "unilateral[ly] commit[ ] . . . federal forces in response to an incident in states . . . only in exceptional circumstances." William C. Banks, *Providing "Supplemental Security"–The Insurrection Act and the Military Role in Responding to Domestic Crises*, 3 J. Nat'l Law & Policy 39, 87. The decision to invoke the Insurrection Act is to be made by the United States President. The act does not provide citizens with a private cause of action. As a result, Morris's claims against all defendants under 10 U.S.C. § 333 must be dismissed for failure to state a claim upon which relief may be granted.

**E.     42 U.S.C. § 2000d**

Section 2000d of Title 42 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Section 2000d is known as § 601 of the Civil Rights Act and it prohibits the intentional discrimination of a person based on race, color or national origin by any federally funded program. *Alexander v. Sandoval*, 532 U.S. 275, 280, 121 S.Ct. 1511, 1516 (2001) (citing *Regents v. Univ. of Cal. v. Bakke*, 438 U.S. 265, 98 S.Ct. 2733 (1978)). Section 2000d-4a of Title 42 defines "program or activity" and "program" as used in § 2000d:

> For the purposes of this subchapter, the term "program or activity" and the term "program" mean all of the operations of–
>
> > (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
> >
> > (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;
> >
> > (2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or
> >
> > (B) a local educational agency (as defined in section 7801 of Title 20), system of vocational education, or other school system;
> >
> > (3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship–
> >
> > > (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or
> > >
> > > (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

> (B) entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or
>
> (4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3);
>
> any part of which is extended Federal financial assistance.

42 U.S.C.A. § 2000d-4a. None of the defendants named in Morris's complaint satisfy the definition of "program or activity" or "program." [T]itle VI 'was meant to cover only the situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary.' " *Williams v. Glickman,* 936 F.Supp. 1, 6 (D.D.C. 1996) (citing *Soberal-Perez v. Heckler*, 717 F.2d 36, 38 (2nd Cir. 1983)). None of the defendants in the case at bar satisfy that definition. The Bankruptcy Judges, the Bankruptcy Clerk of Court and the Bankruptcy Court employees in this case are Federal Court employees. The United States Trustee and his assistant are Federal employees. The Chapter 13 Trustee and his employees are a federally created statutory entity. Federal employees are not non-federal entities which provide financial assistance to beneficiaries. *McKnight v. Middleton*, 699 F.Supp.2d. 507, 522 (E.D.N.Y. 2010) (finding that state court employees and private attorneys are not the types of entities that Title VI protects against). Additionally, even if the defendants were the types of entities covered by Title VI, Morris is not a recipient of any type of federally provided financial assistance from these defendants. As a result, Morris's claims against all defendants under 42 U.S.C. § 2000d must be dismissed for failure to state a claim upon which relief may be granted.

**F.    Eleventh Amendment**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This amendment sets forth the principle that states normally enjoy sovereign immunity from suit by private parties. It most commonly arises in a case as a state's shield to

litigation. In certain situations, states have been found to waive their sovereign immunity; however, the amendment itself does not provide any independent basis for relief for a private individual. As a result, Morris's claims against all defendants under the Eleventh Amendment must be dismissed as well.

**G.     Fraud**

Federal Rule of Civil Procedure 9 mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *The Unencumbered Assets, Trust, v. JP Morgan Chase Bank* (*In re Nat'l Century Fin. Enters., Inc., Inv. Litigation*, 617 F.Supp.2d 700, 716 (S.D.Ohio 2009) (citations and internal quotation marks omitted).

In the case at bar, Morris's complaint very generally alleges that the defendants conspired against him in two main ways. First, Morris alleges that the three Bankruptcy Judge defendants tried to play a game of "bait and switch" with him by constantly having the judge who was not assigned to his bankruptcy case hear a particular matter. Second, Morris alleges that the defendants conspired against him to deprive him of his Smyrna property by confirming no automatic stay was in effect when his prior chapter 13 case was filed (case number 09-13060). Morris did not plead these fraudulent allegations with any specificity as to date, time, place, etc.. Even if he had, for the reasons that are stated herein, the Court would find that he has failed to state a claim upon which relief could be granted.

Morris's claims of the judges playing "bait and switch" with him are wholly without merit. Bankruptcy Judges are appointed to serve in particular judicial districts by 28 U.S.C. § 152. Pursuant to that statute, Tennessee is divided into three judicial districts: Eastern, Middle and Western. Section 152(c)(1) provides that "[e]ach bankruptcy judge may hold court at such places within the judicial district, in addition to the official duty station of such judge, as the *business of the court may require.*" 28 U.S.C. § 152(c)(1) (emphasis added). Section 151 of Title 28 provides that [e]ach bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter

11

with respect to *any action, suit or proceeding* and may preside alone and hold a regular or special session of the court . . . ." 28 U.S.C. § 151 (emphasis added). Additionally, each federal judge takes the same oath:

> "I, _____ _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _____ under the Constitution and laws of the United States. So help me God."

28 U.S.C.A. § 453.

There is nothing which prohibits a bankruptcy judge in one judicial district from hearing another case in that same district. In districts or divisions with more than one judge, cases are assigned to a judge upon filing. That judge then has primary responsibility for that case; however, should it become necessary for another judge to conduct a hearing in that case, whether the primary judge is out of the office, an emergency arises, etc., that judge may hear the matter. When that happens, judges are not playing games of "bait and switch." They are assisting with the business of the Court and are carrying out the same oath the "primary" judge took: to administer justice fairly and equally under the laws of the United States.

With regard to Morris's claims concerning the order confirming no stay was in effect at the time he filed case number 09-13060, Morris's claim is without merit. Section 362(c)(4)(A)(i) mandates that if a debtor has had "2 or more single or joint cases . . . pending within the previous year . . . that were dismissed . . . the stay under subsection (a) *shall not go into effect* upon the filing of the later case;" 11 U.S.C. § 362(c)(4)(A)(i) (emphasis added). Subsection ii provides that if a creditor requests an order confirming the automatic stay did not go into effect pursuant to § 362(c)(4)(A)(i), "the court *shall promptly enter an order confirming no stay is in effect*." 11 U.S.C. § 362(c)(4)(A)(ii) (emphasis added). A Bankruptcy Judge has no discretion in issuing said order. If the debtor has had 2 or more pending cases within the last year, the Judge *must* enter an order confirming no stay was in effect. None of the defendants in this adversary proceeding conspired together to deprive Morris of his property. They simply did what the Bankruptcy Code dictated they must do.

The Court finds that the Debtor did not plead fraud with particularity to satisfy Federal Rule of Civil Procedure 9(b). The Court also finds that, even if Morris had set forth his allegations of fraud

12

correctly, he does not state a claim upon which relief can be granted as to any of the defendants in this case. Morris's complaint will be dismissed against all defendants on Morris's fraud count.

## Conclusion

Morris has failed to state a claim upon which relief may be granted under any portion of his complaint against any of the defendants. The Court will issue a separate order dismissing his entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).