UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

IN RE:

JIMMY MARCELL MORRIS,                       Case No. 3:10-BK-04143
        Debtor.                                        Chapter 11
JIMMY MARCELL MORRIS,
        Plaintiff,

v.                                                    Adv. Pro. No. 3:10-ap-00242

GEORGE C. PAINE, II, KEITH M. LUNDIN,
MARIAN F. HARRISON, MATTHEW T.
LOUGHNEY, SEVERAL COURT EMPLOYEES
AND OTHER UNKNOWN ACTORS,
HENRY E. HILDEBRAND, III, BETH R.
DERRICK, TRACY L. SCHWEITZER,
AND RICHARD F. CLIPPARD,

        Defendants.

**MEMORANDUM RE: PLAINTIFF'S MOTION FOR PERMISSION
TO APPEAL *IN FORMA PAUPERIS***

      On November 12, 2010, the plaintiff in this matter, Jimmy Marcell Morris ("Morris"), presented two notices of appeal in this proceeding to the United States Bankruptcy Court Clerk's Office for the Middle District of Tennessee for filing. At that same time, Morris also presented an "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis and Affidavit in Support of Demand." Because Morris did not tender the requisite filing fee at the time of presenting his notices of appeal, the Clerk received the notices, but did not accept them as filed. The affidavit in support of Morris's motion to proceed *in forma pauperis* was filed and docketed to this adversary proceeding on November 12, 2010.

      Pursuant to 28 U.S.C. § 1915, a court may waive the filing fee for an appeal if the party submits an affidavit that he is unable to pay the fee or "give security therefor." 28 U.S.C. § 1915(a). A bankruptcy court is a "court of the United States" within the meaning of § 1915(a) and may review an *in forma pauperis* application filed thereunder. *Matter of Anderson*, 130 B.R. 497, 599 (Bankr. W.D. Mich. 1991); however, "[a]n appeal may not be taken in forma pauperis if the trial

court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if it lacks merit or is frivolous. *In re Fromal*, 151 B.R. 733, 734 (E.D. Va. 1993) (internal quotation marks and citation omitted). An appeal is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 (1989).

Bankruptcy Rule 8002 mandates that "[t]he notice of appeal shall be filed within 14 days of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). If a party fails to file a notice of appeal within that time period, the appellate court lacks jurisdiction over the appeal and the appeal is frivolous as a matter of law. *Siemon v. Emigrant Savings Bank* (*In re Siemon*), 421 F.3d 167, 169 (2nd Cir. 2005); *In re Harris*, 2007 WL 950392, *1 (Bankr. E.D. Tenn. 2007).

In the case at bar, the Court has issued the following three orders:

(1) October 22, 2010, order dismissing complaint as to all defendants for failure to state a claim upon which relief can be granted;
(2) October 26, 2010, order denying plaintiff's demand for substitution and recusal of this Judge; and
(3) October 26, 2010 order denying Plaintiff's demand for reconsideration and re-entry of default.

Morris did not present his notices of appeal of these orders to the Clerk's office until November 12, 2010. The Rule 8002(a) time limit for filing a notice of appeal of the October 22, 2010, order expired on November 5, 2010. The time limit for filing a notice of appeal of the October 26, 2010, orders expired on November 9, 2010. Clearly the notices of appeal in this case were filed outside the applicable time period and the appellate court lacks jurisdiction over the matters. Morris's appeals are frivolous as a matter of law and not filed in good faith. Consequently, the Court will enter an order denying Morris's application to proceed *in forma pauperis*.